RAYFORD AND LOIS M. STRICKLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strickland v. Commissioner
Docket No. 15083-79.
United States Tax Court
T.C. Memo 1982-195; 1982 Tax Ct. Memo LEXIS 558; 43 T.C.M. (CCH) 1061; T.C.M. (RIA) 82195; April 13, 1982. *558 In two years, petitioner-husband made 80 round trips (500 miles each) between his tax home and an area where he worked as a real estate agent and also held property for the production of income. Held: (1) No deduction is allowable for traveling expenses because petitioners' substantiation is insufficient. Sec. 274(d), I.R.C. 1954. (2) Some transportation expenses allowed. Cohan v. Commissioner,39 F.2d 540 (CA2 1930). Rayford Strickland and Lois M. Strickland, pro se. Sara W. Dalton, for the respondent. CHABOT
*559 MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax against petitioners for 1976 and 1977 in the amounts of $ 4,949.77 and $ 1,841, respectively. Petitioners claim overpayments for 1976 and 1977 in the amounts of $ 3,484 and $ 1,740, respectively. [1] After settlement of other issues, the issue for decision is whether respondent correctly disallowed travel expenses and certain other expenses claimed in connection with petitioner-husband's work as a real estate agent. [2]
*560 FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners Rayford Strickland (hereinafter sometimes referred to as "Strickland") and Lois M. Strickland, husband and wife, resided in Baytown, Texas. During 1976 and 1977, petitioners' tax home was Baytown, where Strickland was employed by Exxon Corporation. During 1976 and 1977, Strickland was licensed to act as a real estate agent, sponsored by a broker in Wimberley, Texas. Wimberley is between Austin and San Antonio, Texas. Strickland owned two parcels of real estate near Wimberley. He also owned a parcel of real estate near Johnson City, about 30 miles northwest of Wimberley. Strickland made about 50 round trips in 1976 and about 30 round trips in 1977 between Wimberley and his home in Baytown. He was accompanied by his wife on almost all of these trips. Each of these round trips was about 500 miles long. On 10 of these 1976 trips and one of these 1977 trips Strickland returned to Baytown on the same day that he left. On all the other trips, Strickland was away from home overnight. *561 Strickland's business as a real estate agent produced gross receipts of $ 599 for 1976 and $ 691 for 1977. On their Federal income tax returns, petitioners claimed deductions for Strickland's expenses of this business in the amounts of $ 8,583 for 1976 and $ 5,022 for 1977. Respondent disallowed $ 7,396 of the claimed 1976 expenses and $ 4,272 of the claimed 1977 expenses. The disallowed expenses relate chiefly to automobile expenses ($ 4,000 for 1976; $ 2,850 for 1977) and meals ($ 2,800 for 1976; $ 1,260 for 1977). The other components of the disallowances are as follows: entertainment ($ 250) and office in home ($ 346) for 1976; dues ($ 30), license ($ 42), telephone ($ 50), and books ($ 40) for 1977. One of the parcels of real estate near Wimberley produced income of $ 63 for 1976 and $ 300 for 1977. The Johnson City parcel and the other Wimberley parcel produced no income for either year. On their income tax returns, petitioners claimed business expense deductions on account of these parcels of real estate in the amounts of $ 13,812 for 1976 and $ 6,796 for 1977. Deductions of portions of these amounts were disallowed by respondent; the parties have compromised their *562 disputes as to these disallowances, leaving for our resolution only the disallowed amounts originally claimed in connection with Strickland's business as a real estate agent. OPINION On their Federal income tax returns, petitioners treated the expenses of Strickland's trips to the Wimberley-Johnson City area solely as expenses of Strickland's business as a real estate agent. At trial, petitioners asserted that they maintained proper records and that Strickland's trips were made in connection with both (1) his business as a real estate agent and also (2) for the purpose of "checking on the property [Strickland] bought individually, as income-producing property, or property held for the production of income." On opening brief, petitioners' entire analysis is as follows: (1) petitioners presented all their material to H and R Block, their tax return preparer, (2) "H and R Block are tax experts", (3) H and R Block prepared petitioners' tax returns on the basis of this material and expertise, and (4) therefore, petitioners' tax returns are correct. On answering brief, petitioners revert to the position they asserted at the trial. Respondent maintains that petitioners have established *563 neither that Strickland's trips were ordinary or necessary to any business so as to make the expenses deductible under section 162, [3] nor that the trips were ordinary or necessary to the production of income so as to make the expenses deductible under section 212. Furthermore, respondent maintains, petitioners have failed to meet the substantiation requirements of section 274(d). We agree with petitioners' assertion that Strickland was in the trade or business of being a real estate agent and that the three parcels of real estate he owned in the Wimberley-Johnson City area were held for the production of income. However, we agree generally with the respondent's conclusions as to the deductibility of the claimed expenses. Respondent's determinations as to matters of fact in the notice of deficiency are presumed to be correct and petitioners have the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); *564 Rule 142(a). [4]
Personal expenses are not deductible, unless the contrary is "expressly provided" in chapter 1 (sec. 262). [5]Section 162(a)(2)[6] expressly permits a taxpayer to deduct what might otherwise be personal expenses if all the following requirements are met ( Commissioner v. Flowers,326 U.S. 465, 470 (1946)): (1) The *565 expense is a traveling expense (this includes such items as transportation fares and food and lodging expenses incurred while traveling); (2) The expense is incurred while "away from home"; and (3) The expense is an ordinary and necessary expense incurred in pursuit of a trade or business. Under section 212, [7] an individual taxpayer may similarly deduct ordinary and necessary expenses with regard to property held for the production of income. The parties agree that Baytown was Strickland's tax home. By allowing deductions for some expenses under section 162 or section 212, respondent has in effect conceded that Strickland was in the business of being a real estate agent in the Wimberley area and that Strickland was holding property for the *566 production of income in the Wimberley-Johnson City area. Expenses of Strickland's travel between Baytown and the Wimberley-Johnson City area--if ordinary and necessary for these activities-- are deductible. Markey v. Commissioner,490 F.2d 1249 (CA6 1974), revg. on another point a Memorandum Opinion of this Court; [8]Puckett v. Commissioner,56 T.C. 1092 (1971); Sherman v. Commissioner,16 T.C. 332 (1951). For 1976, petitioners received income aggregating $ 662 from Strickland's business and his property in the Wimberley-Johnson City area, and claimed deductions aggregating more than $ 22,000 from these activities. For 1977, petitioners received income aggregating $ 991 from these activities and claimed deductions aggregating almost $ 12,000. We recognize that, in order to engage in the activities in the Wimberley-Johnson City area, it was ordinary and necessary for Strickland to travel from his tax home to the Wimberley-Johnson City area. However, petitioners have presented almost no information as to why it was ordinary and necessary for Strickland to make 80 trips (assertedly costing *567 some $ 11,000) during the two years in order to produce income of $ 1,653. There may be a believable explanation, but none appears in the record in the instant case. [9]
Section 274(d)[10] requires *568 specific substantiation for traveling expenses in order to be allowed to deduct such expenses. This provision was enacted in part with the specific intent of overruling the application of the "Cohan rule" ( Cohan v. Commissioner,39 F.2d 540 (CA2 1930)), under which courts had allowed deductions even in the absence of specific substantiation, where it appeared likely the taxpayers had paid or incurred some deductible expenses. Sanford v. Commissioner,50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (CA2 1969). *569 Neither petitioners' calendar, petitioners' journals, nor any other evidence in the record provides an explanation of Strickland's purpose or activities on any of the 80 round trips. Petitioners introduced into evidence journals purporting to list Strickland's expenses for meals on each of these trips. Every meal expense so listed was a whole dollar amount. For 1976, the listed expenses for breakfast ranged from $ 3 to $ 8, for lunch from $ 4 to $ 12, and for dinner from $ 7 to $ 15. Not-withstanding these substantial variations, every day's meals expense (with one exception) totaled precisely $ 25. Similar variations appeared in the amounts listed for tips, but there, too, the total for each day almost invariably was precisely $ 3. The 1977 journal showed a similar pattern, except that the meals totaled $ 18 each day. It is evident that, at least through May, the 1977 journal numbers were changed. The original numbers appear to have totaled $ 25 each day and the altered numbers totaled $ 18 each day. For January 29, 1977, for example, it is evident that the amounts originally were as follows: Breakfast
Lunch
Dinner
$ 5
$ 6
$ 14
The numbers in the *570 journal were changed to read as follows: Breakfast
Lunch
Dinner
$ 8
$ 6
$ 4
Similarly, the February 12, 1977, amounts originally were as follows: Breakfast
Lunch
Dinner
$ 5
$ 8
$ 12
The numbers in the journal were changed to read as follows: Breakfast
Lunch
Dinner
$ 8
$ 8
$ 2
The conclusion we reach is that the amounts witten in the journals were selected to achieve a predetermined result ($ 25 per day, or $ 18 per day) and that the variations as to the specific meals were introduced to enhance plausibility, and not to reflect the facts. In short, the journals do not constitute a credible record of the amounts spent on meals by Strickland. It is probable that some of Strickland's trips were made primarily for business or section 212 purposes. In the absence of section 274, we would allow deductions for such trips. Of course, Strickland ate on his trips. It is reasonable to expect that he paid for these meals. In the absence of section 274, we would allow some amount as a deduction for these meals. Because of section 274, we are forbidden to make an allowance of travel away from home expenses unless there *571 has been adequate substantiation. We believe that the only substantiation offered by petitioners is inadequate and so we conclude that no deduction is allowable for any of Strickland's trips between Baytown and the Wimberley-Johnson City area. Dowell v. United States,522 F.2d 708 (CA5 1975); Gestrich v. Commissioner,74 T.C. 525, 530 (1980), on appeal (CA3 Dec. 17, 1980); Sanford v. Commissioner,supra.
On 10 of the 1976 trips and one of the 1977 trips, Strickland was not away from home overnight and so his expenses for these 11 trips would not qualify for travel expense deductions. United States v. Correll,389 U.S. 299 (1967). His transportation expenses for these 11 trips, if otherwise allowable, do not have to meet the detailed substantiation requirements of section 274. Gestrich v.Commissioner,74 T.C. at 530-531. Doing the best we can with an inadequate record (see n. 9, supra) we hold that petitioners are allowed to deduct auto mileage expenses for five 500-mile round trips in *572 1976 and one such trip in 1977. Cohan v. Commissioner,supra.
Petitioners presented no evidence as to the other disallowed deductions noted in our findings, supra (i.e., entertainment, office in home, dues, license, telephone, and books). Respondent is sustained as to these deductions. We hold for respondent, except as to auto mileage expenses for six round trips. To reflect the foregoing, and to give effect to the parties' stipulations as to other issues (and the consequential effects of these matters on the petitioners' medical expense deductions, see n. 2, supra). Decision will be entered under Rule 155.
Footnotes
1. These are the amounts for which petitioners claimed refunds on their Federal income tax returns--i.e., the amounts by which they claimed that income tax withheld in a year exceeded their tax liability for the year. ↩
2. Another issue, determination of the amounts of petitioners' medical expense deductions, is agreed to be solely derivative; its resolution depends on the resolution of the issue described in the text, in combination with the agreements reached by the parties as to other "above-the-line" adjustments.↩
3. Unless indicated otherwise, all chapter and section references are to chapters and sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
4. Unless indicated otherwise, all rule references are to the Tax Court Rules of Practice and Procedure.↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses. ↩
6. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
7. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩
8. T.C. Memo. 1972-154↩.
9. Petitioners, who appeared pro se, were told by the Court in writing that it was important for them to participate in the preparation of stipulations. Their attention was drawn to Rule 91. In the course of a telephone conference call between the Court and the parties almost two weeks before the trial, the Court again stressed the importance of presenting materials to each other so as to enable the parties to agree on stipulations. On the day of the trial, the Court conducted several conferences with the parties in chambers in an effort to assist in the stipulation process; the Court made it clear that what was not stipulated would have to be proven by evidence in the record, if petitioners hoped to make their case. This was emphasized once again on the record during the trial. Nevertheless, petitioners presented little by way of persuasive evidence and, even on brief, persist in relying on materials assertedly presented to their tax return preparer or to respondent's auditors.↩
10. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. [The amendment of this provision by section 1906(b)(13)[sic] (A) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1834, applies to 1977, but does not affect the instant case.]↩